DANIEL N. KATIBAH (293251)
 dkatibah@nkllp.law
MELISSA A. WURSTER (198899)
 mwurster@nkllp.law
NIELSEN KATIBAH LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
Telephone:  (415) 693-0900
Facsimile:   (415) 693-9674

Attorneys for Plaintiff
ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMTRUST INTERNATIONAL UNDERWRITERS DESIGNATED ACTIVITY COMPANY, an Irish corporation,<br>　　　　Plaintiff,<br>　　v.<br>RUSS KONDZOLKA dba LE MART FLOORING, an individual; KRISTINA WILEY, an individual; and JOHN DE ROSA, an individual,<br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT;**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff AmTrust International Underwriters Designated Activity Company ("AmTrust") complains against defendants Russ Kondzolka dba Le Mart Flooring, Kristina Wiley, and John De Rosa as follows:

<u>First Claim for Declaratory Judgment</u>

　　　1.　　AmTrust is an Irish corporation with its principal place of business in Cleveland, Ohio.

2. AmTrust is informed and believes and thereon alleges that defendant Russ Kondzolka dba Le Mart Flooring, at all times mentioned, was an individual residing in Roseville, California.

3. AmTrust is informed and believed that defendants Kristina Wiley and John De Rosa are an unmarried cohabitating couple and, at all times mentioned, were individuals residing in Gold River, California.

4. Jurisdiction is proper in this Court under 28 U.S.C. §1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.  This case addresses a dispute over defense and indemnity under a policy of liability insurance for an underlying lawsuit brought by Wiley and De Rosa against Kondzolka and others.  Wiley and De Rosa previously demanded $725,000 to settle their claims, and defense expenses alone can reasonably be expected to exceed $75,000.

5. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(a)(1) because all defendants reside in this State and district, and under 28 U.S.C. § 1391(a)(2) because a substantial amount of the events on which this action is based occurred in this district.

6. AmTrust issued a policy of commercial general liability insurance, number CN102646304, effective July 12, 2017, to July 12, 2018, to Kondzolka (doing business as Le Mart Flooring) as named insured.  The policy afforded a per-occurrence liability limit of $1,000,000 and an aggregate limit of liability of $2,000,000.

7. This declaratory-judgment action arises from a lawsuit currently proceeding in the Sacramento Superior Court, styled *Wiley, et al. v. The Floor Konnection, Inc., et al.*, case no. 34-2019-00267887, in which Wiley and De Rosa allege claims against Kondzolka, among others, arising from removal of tile flooring at Wiley's and De Rosa's home in Gold River.

8. For purposes of describing the allegations asserted in the *Wiley* action and without admitting the truth thereof, Wiley and De Rosa allege that in November 2017 they hired Kondzolka to remove floor tile and install carpet in their home.  Wiley and De

Rosa generally allege that Kondzolka negligently removed the tile in December 2017 by failing to barricade and seal off the home's living areas and HVAC system, and as a result, dust from tile, grout, and mortar spread throughout the home. Wiley and De Rosa allege that they inhaled this dust and suffered injuries.

9. AmTrust is informed and believes and thereon alleges that the specific tile and grout Kondzolka removed contained crystalline silica, among other things. AmTrust is therefore informed and believes, and thereon alleges, that the dust from tile, grout, and mortar that Wiley and De Rosa allegedly inhaled and which allegedly caused their injuries was comprised, at least in part, of crystalline silica.

10. The *Wiley* action was initiated in October 2019, and the complaint was amended in June 2020. AmTrust is defending Kondzolka under the terms and conditions of the policy referenced in paragraph 6 and explained in paragraphs 11 and 12 below. AmTrust is defending under reservations of rights and, as explained in AmTrust's letter reserving rights, AmTrust contends that the *Wiley* action does not expose Kondzolka to damages covered under its policy and that AmTrust thus has no duty to defend that lawsuit.

11. The AmTrust policy generally sets forth, among other language, the following terms:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

\* \* \*

**SECTION I—COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**.

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.\*\*\*

\* \* \*

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an occurrence that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b Loss of use of tangible property that is not physically injured. All

such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

12. The AmTrust policy language quoted in paragraph 11 above is modified by an endorsement, written on form no. NX GL 190 05 11, that provides in relevant part:

**COMBINED POLICY EXCLUSIONS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

\* \* \*

The following exclusions are added to the policy:

\* \* \*

E. **EXCLUSION—SILICA OR SILICA-RELATED DUST**

   A. The following exclusion is added to **SECTION I—COVERAGES**, paragraph **2. Exclusions of COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

   This insurance does not apply to:

   **"Silica" or "Silica-Related Dust"**

   a. "Bodily injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust."

   b. "Property damage" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust."

   c. Any loss, cost or expenses arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of "silica" or "silica-related dust" by any insured or by any other person or entity.

   \* \* \*

   C. The following definitions are added to the **Definitions** Section:

   1. "Silica" means silicon dioxide (occurring in crystalline, amorphous

and impure forms), silica particles, silica dust or silica compounds.

    **2.**    "Silica-related dust" means a mixture or combination of silica and other dust or particles.

13.    AmTrust is informed and believes and thereon alleges that an actual controversy has arisen and now exists between AmTrust, on one hand, and Kondzolka, on the other hand, concerning their respective rights and obligations with respect to the *Wiley* lawsuit.  AmTrust contends that it owes no duty to defend and to indemnify Kondzolka against the *Wiley* allegations because the *Wiley* pleadings do not expose Kondzolka to liability for damages covered by the terms and conditions of AmTrust's policy.  AmTrust is informed and believes that Kondzolka contends to the contrary.

14.    AmTrust is informed and believes and thereon alleges that Wiley likewise contends to the contrary of AmTrust's contentions set forth in paragraph 13 above, so that an actual controversy likewise exists between AmTrust and Wiley.

15.    AmTrust is informed and believes and thereon alleges that De Rosa likewise contends to the contrary of AmTrust's contentions set forth in paragraph 13 above, so that an actual controversy likewise exists between AmTrust and De Rosa.

16.    AmTrust therefore requests that this Court enter binding judicial declarations in accordance with AmTrust's contentions set forth above.  The requested declarations are both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

WHEREFORE, AmTrust prays for judgment as follows:

    a.    That the Court make and enter its binding judicial declarations in accordance with AmTrust's contentions set forth above;

    b.    That AmTrust be awarded its costs of suit incurred herein; and

    c.    For such other and further relief as the court deems just and proper.

6
COMPLAINT FOR DECLARATORY JUDGMENT

## DEMAND FOR JURY TRIAL

AmTrust International Underwriters Designated Activity Company hereby demands trial by jury in accordance with Fed.R.Civ.P. 38(a).

July 20, 2020                               NIELSEN KATIBAH LLP

                              By:        /s/  Daniel N. Katibah

                                   Attorneys for Plaintiff AmTrust International
                                   Underwriters Designated Activity Company