DOUGLAS R. ALLISTON (SBN 137767)
ALAN W. FOUTZ (SBN 155145)
**MURPHY, CAMPBELL, ALLISTON & QUINN**
8801 Folsom Boulevard, Suite 230
Sacramento, CA  95826
Telephone:   (916) 400-2300
Facsimile:   (916) 400-2311
dalliston@murphycampbell.com
afoutz@murphycampbell.com

Attorneys for Defendant
RUSS KONDZOLKA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMTRUST INTERNATIONAL UNDERWRITERS DESINGATED ACTIVITY COMPANY, an Irish corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RUSS KONDZOLKA, individually and doing business as LE MART FLOORING; KRISTINQA WILEY, an individual; and JOHN DE ROSA, an individual,<br><br>Defendant. | Case No.: 2:20-cv-01459-TLN-KJN<br><br>**RUSS KONDZOLKA'S OPPOSITION TO AMTRUST INTERNATIONAL'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

**I.**

**<u>INTRODUCTION</u>**

Defendant Russ Kondzolka (Kondzolka) submits the following in Opposition to AmTrust International Underwriters Designated Activity Company's (AmTrust) Motion for Judgment on the Pleadings, and also Joins in the Opposition to this motion that has been filed by co-defendants Kristina Wiley (Wiley) and John De Rosa (De Rosa).

///

A. **Factual Background**

Kondzolka joins in defendants Wiley and De Rosa's Opposition recitation of the Factual Background and Discussion as relating to this Motion. Kondzolka's Opposition is provided specifically to address AmTrust's contention that Kondzolka has somehow "admitted" in his Answer to AmTrust's First Amended Complaint or in the Rule 26 Joint Scheduling Report that the bodily injuries suffered by Wiley and De Rosa are caused by the inhalation of silica or silica-related dust. As will be shown below, no such admission exists.

B. **Kondzolka's Answer to the First Amended Complaint Does Not Admit that Silica or Silica-Related Dust Caused Wiley and/or De Rosa's Injuries.**

In it's Motion, AmTrust alleges that by admitting to Paragraph 8 of the First Amended Complaint, Kondzolka has "judicially admitted" that the dust that Wiley and De Rosa inhaled in their home contained crystalline silica – a fact that establishes the conclusive application of the "Silica" or "Silica-Related Dust" exclusions in the AmTrust policy.

In the instant Motion, AmTrust quotes Paragraph 8 of the First Amended Complaint, the averments of which Kondzolka did in fact admit in his Answer, as follows:

> Wiley and De Rosa allege … they hired Kondzolka to remove floor tile and install carpet in their home" and that "Kondzolka negligently removed the tile in December 2017 by failing to barricade and seal off the home's living areas and HVAC system, and as a result, dust from the tile, grout, and mortar spread throughout the home. Wiley and De Rosa allege that they inhaled this dust and suffered injuries.

However, the quote above does <u>not quote the entirety of Paragraph 8</u>. Absent from AmTrust's version of Paragraph 8 as contained in its Motion is the wording at the very beginning of the paragraph, which states, "For purposes of describing the allegations asserted in the *Wiley* action and without admitting the truth thereof, …" Thus, the only conclusion to be drawn from Kondzolka's admission of the averments in Paragraph 8 is that Kondzolka has admitted that Paragraph 8 accurately describes the allegations of the *Wiley* action – without admitting the truth thereof. AmTrust provides no explanation for how it jumps from an admission that certain allegations are being made to an admission that certain facts are established. Kondzolka's Answer only admits that certain allegations are being

asserted in the *Wiley* action and does not admit any *facts* that implicate, much less establish, the validity or applicability of the "Silica" exclusion upon which AmTrust's denial of coverage depends.

### C. The Joint Scheduling Report Does Not Admit that Silica or Silica-Related Dust Caused Wiley and/or De Rosa's Injuries.

AmTrust similarly seeks to convert an admission that certain allegations are being asserted in the *Wiley* action into an admission that the facts being alleged are true by reference to section 1 of the Joint Scheduling Report (ECF Docket 14), on file in this matter. However, Section 1 of the Joint Scheduling Report contains no admissions of facts – only agreement that certain facts are being alleged in the *Wiley* action. Paragraph 1 of Section 1 of the Joint Scheduling Report provides:

> In [the *Wiley*] lawsuit, Wiley and De Rosa plaintiffs there, defendants here) **_allege_** claims against Kondzolka, and others, arising from removal of tile flooring at Wiley's and De Rosa's home in Gold River. Generally, Wiley and De Rosa **_allege_** that in November 2017 they hired Kondzolka to remove floor tile and install carpet in their home. Wiley and De Rosa generally **_allege_** that Kondzolka negligently removed the tile in December 2017 by failing to barricade and seal off the home's living areas and HVAC system, and as a result, dust from tile, grout, and mortar spread throughout the home. Wiley and De Rosa **_allege_** that they inhaled this dust and suffered injuries. (Emphasis added.)

Section 1 of the Joint Scheduling Report indicates only that the parties are in agreement as to what plaintiffs in the *Wiley* action are alleging. Such is clearly in sufficient to establish that Kondzolka is admitting that such allegations are true and are established as a matter of law for the purposes of this declaratory relief action.

## II.
## CONCLUSION

For the reasons set forth above and for those reason set forth in defendant Wiley and De Rosa's Opposition to the instant Motion, AmTrust's Motion for Judgment on the Pleading should be denied.

Dated: January 21, 2021                MURPHY CAMPBELL ALLISTON & QUINN

                                       By:   /s/ Douglas R. Allison
                                       DOUGLAS R. ALLISTON
                                       ALAN W. FOUTZ
                                       Attorney for Defendant RUSS KONDZOLKA